[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO DISQUALIFY
The complaint in this matter seeks a mandamus commanding the town's zoning enforcement officer to enforce a decision of the CT Page 9546 town's Zoning Board of Appeals which found in May of 1993 that the advertising signs of The Hartford Courant and Yankee Flyer appearing on paper tubes placed on residential property in the town violated town zoning regulations against advertising.
Under the town charter the town attorney is appointed "to represent the town . . . and shall appear for and protect the rights of the town in all actions, suits or proceedings." The first selectman requested an attorney from Halloran and Sage to represent the town's zoning enforcement officer in this action.
The plaintiff sought to have the town and the Board cited in as party plaintiffs but this motion was denied.
The plaintiff has moved to disqualify the attorney and her firm from representing the zoning enforcement officer relying on Rule 1.7 of the Code of Professional Conduct. Other facts brought out at the argument on this motion are pertinent. The motion to disqualify states that throughout 1993 this attorney and her firm "represented" the board. It goes on to claim that in June of 1993 the attorney concluded that the zoning officer did not have the authority to enforce the zoning regulations regarding the placement of the logos, as interpreted by the board. An "opinion" letter of November 1993 is referred to in the motion which it is claimed thwarted the board from taking action on its own or requesting or directing the zoning officer to enforce the regulations in the manner referred to. The nature of the opinion or who it was directed to is not clear to the court.
In any event in September of 1994 the board adopted a motion to have the board join the plaintiff in this case and sent a copy of the minutes indicating that action to the town attorney. Minutes of February 22, 1995 were also made available to the court. The minutes noted that the board needs "its own attorney because the town attorney has a conflict of interest in representing" (the zoning enforcement officer). The board discussed obtaining funds from the board of selectmen for this purpose, one member thought the board could retain its own attorney and send the bill to the town. A motion was passed at this meeting requesting the first selectman address the board's concerns and if no answer were received the board would "continue and press on and engage the services of an attorney."
In a letter written by the town attorney February 24, 1995 to the first selectman the attorney sets forth some of the CT Page 9547 procedural history of the case. She further explains special defenses filed in behalf of the zoning officer which it is said deny that the board directed any particular enforcement action and further adopt the position that if the board did make any such directive it was void as beyond the board's authority. The letter underlines that there is a difference of opinion between the board and the zoning officer and indicates that the town attorney disagrees with the board. The letter goes on to conclude with the following:
 "However, if the Zoning Board of Appeals wishes to join in this action in opposition to the interests of the Assistant Zoning Enforcement Officer, then that would present a conflict of interest for the Town Attorney. At that point in time, the town would likely have to hire two sets of attorneys to become involved in this matter, one in behalf of the Assistant Zoning Enforcement Officer, and one on behalf of the Zoning Board of Appeals. That would be a most unfortunate result but the parties appear to be at an impasse."
The town or the board have not in fact joined in this action to the present date. Nothing in the material submitted to the court contradicts the attorney's representation that the town or board have not expressed any objection to her representation of the defendant. In fact the minutes of the February 22, 1995 meeting seem to contemplate the continued representation of the defendant by the attorney and her firm which fact prompted the board to vote to secure its own attorney. All this further supports the claim by the attorney sought to be disqualified that she and her firm pursuant to the town charter represent the town although pursuant to that representation they can be asked to represent a particular official or town board or agency. It is unclear to the court in what sense then the plaintiff claims the attorney "represented" the board in 1993. Thus the court has no basis to conclude nor has any information been presented that would indicate that Rule 1.9, "Conflict of interest. Former client," not mentioned by the parties, should be considered here. That rule is confined to situations where "a lawyer has formerly represented a client in a matter . . ." There is no indication that if in some way the attorney in question represented the board, she represented it or counselled it as to the very matter now before the court. If that were the case, which as noted the court has no reason to think it is, absent explicit consent by CT Page 9548 the board, there would be a serious question as to the propriety of continued representation of the defendant here by this attorney even though the board has not actually entered the action or retained an attorney. Also the court is not aware of any claim by the plaintiff that defense counsel has, or can learn confidential information related to the plaintiff through continued representation of the defendant by the attorney sought to be disqualified.
It is true as the plaintiff states that Bergeron v. Mackler,225 Conn. 391 (1993) mandated that: "The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." id. p. 397. But a client has a right to be represented by a client of his, her, or its choice and a court should be careful to also protect this right. The Rules of Professional Conduct ought to be a shield against improper and unethical activity by attorneys but should not be used as a sword in the hands of an adversary.
As I read Rule 1.13(a) and (e), "Organization as Client" and the materials previously referred to, the attorney and her firm represent the town and may as they are doing now represent an official of the town at the request of the town acting through properly authorized officials. Admittedly Rule 1.13 refers back to Rule 1.7, "Conflict of Interest. General Rule," but these two rules must be read together and it can't be appropriate to say that a town attorney "represents" a particular agency and all officials at all times and at the same time he or she represents the town. Such a result would present impossible problems even short of litigation. Town governments are rife with disputes between agencies, between officials and agencies, between elected and appointed officials, etc. An important role of a town attorney is to give advice to the governing authority of the town regarding these disputes and perhaps at times to disputants. A rule saying a town attorney represented each agency or official, at all times, so as to bring into play Rule 1.7. would require towns to employ different sets of lawyers in many situations. The real protection here is as indicated above is Rule 1.9. If the town attorney represented a particular official or agency on a specific matter and that matter leads to litigation, the attorney perhaps shouldn't be permitted to stay in the case when the opposite party is a person or agency to whom he or she gave advice to on the same matter prior to litigation and where that party had reasonable grounds to believe he, she, or it was engaged in or had a professional relationship with the town CT Page 9549 attorney.
That is, at the present time the board is not a "client" of the town attorney for the purposes of Rule 1.7. The client is the town and by designation of the town the defendant zoning officer. If the town enters this litigation and takes a position adverse to the defendant or if the board enters this litigation then disqualification may be necessary especially if the board is regarded as a creature of the town. Without deciding the latter point this motion is premature but serves a useful purpose of putting all parties on notice of important questions that may shortly arise.
Also the court wishes to emphasize that it doesn't have sufficient information to determine if Rule 1.9 should apply at the present time. If there is such information it can be brought to the court's attention by the plaintiff or counsel for the defense.
The motion to disqualify is denied at the present time.
Corradino, J.